**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| _____ ) | |
| **JOHN BERMAN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No. 1:23-cv-01017 (APM)** |
| ) | |
| **FEDERAL ELECTION COMMISSION,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM OPINION**

### I.   INTRODUCTION

Pro se Plaintiff John Berman claims that Defendant Federal Election Commission's ("FEC" or "Commission") dismissal of his administrative complaint is contrary to law. The Commission moves to dismiss for lack of standing and for failure to state a claim, ECF No. 9. For the reasons explained below, the motion is granted because Plaintiff lacks standing.

### II.   BACKGROUND

Defendant FEC is a six-member independent regulatory agency of the United States charged with administering and enforcing the Federal Election Campaign Act (FECA). Congress has conferred upon the Commission "exclusive jurisdiction" over "civil enforcement" of the Act's provisions. 52 U.S.C. § 30106(b)(1).

In April 2021, Plaintiff registered with the Commission "as a candidate for retiring Senator Portman's Ohio U.S. Senate seat." Compl. for Declaratory and Injunctive Relief, ECF No. 1 at 2. On May 16, 2022, in response to an online Fox News article, Plaintiff filed an administrative complaint with the Commission stating his belief "that Fox News Network, LLC, . . . JD Vance

for Senate Inc. . . ., Protect Ohio Values . . ., Ohioans for JD . . ., and possibly other committees or PACs of which Berman is unaware [had] violated 'in-kind' contribution laws."  Compl. Ex. A, ECF No. 1-1 at 2.  By then, Plaintiff had withdrawn his candidacy.  *Id*.  Plaintiff claimed to have "evidence that Vance" and "possibly the other committees/PACs supporting his candidacy . . . controlled the distribution of at least one of Fox's news stories," which "negated the 'media/press exemption' that is accorded to those media and press who are independent of a candidate."  *Id*. Plaintiff's evidence consisted of an October 17, 2021 "online Fox News article headlined: 'Ohio Senate candidate JD Vance hauls in $1.75M during first 3 months of his GOP campaign,'" which was changed "after an hour or so" to "over $1 Million" after Plaintiff informed Fox by email that Vance's report to the FEC was "$1,075.994," not the reported $1.75 million.  Compl. at 2; Ex. A at 7.  But "[a]bout a week later, . . . the headline had been changed back to $1.75M."  Compl. at 2.

"[O]ver the next two quarters," Plaintiff "checked the FEC site for Vance's quarterly filings but did not see any indication [ ] of an in-kind contribution listed for expenses incurred by Fox in producing the article that it seemingly coordinat[ed] with Vance."  *Id*. at 3.  Plaintiff then filed his administrative complaint against Fox News Network, LLC and JD Vance for Senate Inc., *id*. at 1, "alleging that it is necessary and appropriate for the FEC to make an investigation into the facts surrounding Fox's headline change and reversal," *id*. at 3.

In a Dismissal Report dated December 14, 2022, the Commission's Office of General Counsel recommended "that the Commission dismiss the complaint consistent with [its] prosecutorial discretion to determine the proper ordering of its priorities and use of agency resources."  Compl. Ex. B at 24-25.  It applied the scoring criteria of the Commission's Enforcement Priority System used "to allocate agency resources and assess whether particular matters warrant further administrative enforcement proceedings" and rated the complaint a "low priority."  *Id*. at 24; *see id*. (listing criteria as including the gravity of the alleged violation and its

impact on the electoral process).  In reaching its conclusion, the General Counsel found that Plaintiff's allegation that "Vance controlled Fox News . . . appears to rest on the Complaint's premise that Fox News received and published an incorrect fundraising figure from Vance.  But the Complaint offers no information suggesting that Vance, the Committee, POV, or Ohioans for JD had any role in Fox News's decision to use that information, or in any other decisions or operations of Fox News[.]"  *Id*.  The General Counsel also applied the "two-part test" for a press exemption and concluded that "when Fox 8 News disseminated the article about Vance's fundraising, it was operating within a legitimate press function."  *Id*. at 23.

On February 7, 2023, the Commission adopted the General Counsel's report and voted 6 to 0 to dismiss Plaintiff's complaint "consistent with the Commission's prosecutorial discretion to determine the proper ordering of its priorities and use of agency resources."  MUR # 7998, https://www.fec.gov/data/legal/matter-under-review/7998/, citing *Heckler v. Chaney*, 470 U.S. 821, 831-32 (1985).  By letter dated February 15, 2023, the Commission notified Plaintiff of its decision, the closure of his file, and his right "to seek judicial review of the Commission's dismissal of this action" pursuant to 52 U.S.C. § 30109(a)(8).  *Id*. (Documents); Compl. at 3 (acknowledging receipt of the closing letter and appended Dismissal Report).

On April 10, 2023, Plaintiff both noticed his objections with the Commission and filed this lawsuit.  He asserts that the Dismissal Report "made no mention of" his evidence, specifically the "clearly listed . . . 10 items" in the section of the administrative complaint "labeled FACTS—SPECIFIC ALLEGATIONS AND EVIDENCE."  Compl. at 3 ¶ 11 and Ex. C.  Plaintiff seeks a declaration that the Commission's decision "was arbitrary capricious, and contrary to law" and an order compelling the Commission "to conform to such a declaration within 30 days."  *Id*. at 5 (citing 52 U.S.C. § 30109((a)(8)(C)).

## III.   LEGAL STANDARD

Defendant's motion to dismiss for lack of standing implicates the court's subject matter jurisdiction and therefore arises under Federal Rule of Civil Procedure 12(b)(1). On a Rule 12(b)(1) motion, the plaintiff bears the burden of establishing that the court has subject matter jurisdiction over his claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). A court must accept all well-pleaded factual allegations in the complaint as true. *Jerome Stevens Pharm., Inc. v. FDA*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005). A court is not limited to the allegations made in the complaint, however, and "may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Jerome Stevens Pharm.*, 402 F.3d at 1253–54. Under Rule 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997).

## IV.   DISCUSSION

A "showing of standing is an essential and unchanging predicate to any exercise of a court's jurisdiction," *Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663 (D.C. Cir. 1996) (cleaned up), which "every federal court has a special obligation to satisfy before addressing the merits of any dispute," *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1362 (D.C. Cir. 2012) (cleaned up). Although the FECA "permits a private party to challenge the FEC's decision not to enforce," it "does not confer standing; it confers a right to sue upon parties who otherwise already have standing." *Nader v. FEC*, 725 F.3d 226, 228 (D.C. Cir. 2013) (citations omitted).

The party invoking standing "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Inst*., 555 U.S. 488, 493 (2009).  To satisfy the "irreducible constitutional minimum of standing," a litigant must demonstrate that (1) he has suffered an injury in fact—the invasion of a legally protected interest; (2) the injury is fairly traceable to the defendant's challenged conduct (a causal connection); and (3) a favorable decision on the merits likely will redress the injury.  *Lujan*, 504 U.S. at 560-61.  The injury must be concrete and particularized and actual or imminent, not conjectural, hypothetical, or speculative. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016).  "This set of criteria implements Article III by limiting judicial intervention to only those disputes between adverse parties that are 'in a form . . . capable of judicial resolution.'"  *Fla. Audubon Soc'y*, 94 F.3d at 663 (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 218 (1974)).

Defendant contends that Plaintiff has not satisfied the concrete-injury requirement of standing.  Mem. at 9-14, ECF No. 9-1.  Plaintiff responds that his desire for "information about Vance's mathematically-contradictory numbers . . . met the standard for an informational injury." Opp'n at 1, ECF No. 13.  He misapprehends the standard.

A "plaintiff has informational standing when he alleges that he has 'fail[ed] to obtain information which must be publicly disclosed pursuant to a statute'" that grants the plaintiff "a concrete interest in the information sought[.]"  *Nader*, 725 F.3d at 229 (quoting *FEC v. Akins*, 524 U.S. 11, 21 (1998)).  To satisfy the "concrete injury needed for standing to bring a FECA claim," the requested disclosure must be related to the litigant's "informed participation in the political process."  *Id*. at 230; *accord Campaign Legal Ctr. v. FEC*, 31 F.4th 781, 789 (D.C. Cir. 2022). The "the nature of the information allegedly withheld is critical to the standing analysis." *Common Cause v. FEC*, 108 F.3d 413, 417 (D.C. Cir. 1997).

Plaintiff has not demonstrated a plausible injury in fact. First, Plaintiff has not alleged that the FEC denied him requested information. Instead, he merely alleges "that he has been deprived of the knowledge as to whether a violation of the law has occurred," which does not establish an injury in fact. *Id.* at 418; *see Wertheimer v. FEC*, 268 F.3d 1070, 1074-75 (D.C. Cir. 2001) (rejecting standing for plaintiffs who "do not really seek additional facts but only the legal determination that certain transactions constitute coordinated expenditures"); *cf.* Pl.'s Opp'n at 2 ("Berman was not looking *merely* for information on a violation of a financial-disclosure law. The violation of the laws of probability was another principal focus, and an FEC investigation – based on dubious numbers that strongly suggested some monkeying with the books – was petitioning the FEC . . . to request them to enforce their regulations[.]") (emphasis in original)).

Second, the prolix administrative complaint is premised at best on Plaintiff's conclusions drawn from public information, *see supra* at 2-3, and "a plaintiff cannot establish injury based on information that is already available" or that "would add only a trifle to the store of [publicly available] information." *Campaign Legal Ctr.,* 31 F.4th at 790. Furthermore, because Plaintiff was no longer a candidate when he filed the administrative complaint, *supra* at 2, he had no greater stake in its outcome than the general population, and "a generic interest in good government . . . does not amount to a concrete or particularized Article III injury." *Campaign Legal Ctr. v. FEC*, 860 F. App'x. 1, 4 (D.C. Cir. 2021) (per curiam).

Finally, Plaintiff principally seeks to compel an investigation of FECA violations he suspects occurred, but "a generalized interest in enforcement of the law . . . does not support standing." *Campaign Legal Ctr.*, 31 F.4th at 789; *see also Nader*, 725 F.3d at 230 (seeking "to force the FEC to 'get the bad guys'" is "not sufficiently concrete to confer standing") (quoting *Common Cause*, 108 F.3d at 418).

## V.      CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss for want of standing is granted. The Commission's pending Motion to Defer Transmission of the Administrative Record and Filing of Certified List, ECF No. 10, will be denied as moot. A separate order of dismissal accompanies this Memorandum Opinion.

Amit P. Mehta
United States District Judge

Date:  August 20, 2024